UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INGRID JOHNSON, )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>JOHN CHUN, et al., )<br>)<br>      Defendants. ) | Civil Action No. 1:25-cv-02806 (UNA) |

## MEMORANDUM OPINION

This matter is before the Court on its review of Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court grants Plaintiff's IFP application, and for the reasons explained below, it dismisses this case without prejudice for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff, a resident of Texas, sues the Chief Court Deputy, Chief Judge, and a District Judge—all from the U.S. District Court for the Western District of Washington—and another District Judge from the U.S. District Court for the Northern District of Texas. *See* Compl. at 1–3; Compl. Memorandum ("Compl. Memo"), ECF No. 1-1, at 1. She disagrees with the determination of the Northern District of Texas to transfer her case to the Western District of Washington and further challenges the Western District of Washington's purported failure to "escalate" her case, which she contends involves matters of national security. *See* Compl. at 5–6; Compl. Memo at 3–5. She demands that this Court to "reverse and nullify" the transfer order and declare it unconstitutional, and to also direct the "escalation" of her case. *See* Compl. at 6; Compl. Memo at 5–6.

This Court lacks subject matter jurisdiction to review or alter any of the decisions or actions of another federal district court, or to exert jurisdiction over its judges. *See In re Marin*, 956 F.2d

339 (D.C. Cir. 1992); *Prentice v. U.S. Dist. Court for Eastern Dist. of Michigan, Southern Div.*, 307 F. App'x. 460 (D.C. Cir. Oct. 29, 2008) (per curiam) (citing *Celotex Corp. v. Edwards*, 514 U.S. 300, 313 (1995)); *see also Panko v. Rodak*, 606 F. 2d 168, 171 n.6 (7th Cir. 1979) (finding it "axiomatic" that a federal court may review the actions of judges or officers of another federal court); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (stating that federal district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)).

    Accordingly, this matter is dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.

Date: December 1, 2025

TREVOR N. McFADDEN
United States District Judge